## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**LEAH SCOTT,**

      Plaintiff,

v.                           CASE NO.  3:16-CV-719-RV/GRJ

**EGLIN FEDERAL CREDIT UNION**,

      Defendant.

_____/

## PLAINTIFF'S MOTION TO QUASH SUBPOENAS, or alternatively, MOTION FOR PROTECTIVE ORDER

Plaintiff, through the undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 45, together with Northern District Local Rule 7.1, moves this Court to quash the subpoenas attached hereto as Exhibit "A,"[1] and states the following in support thereof:

1.  Plaintiff objects to the subpoenas attached hereto as Exhibit "A," which have been, or will soon be issued to the following:

      a.  Compass Resorts

      b.  Coastal Skin & Dermatology

      c.  Old South Land Title

      d.  MidSouth Bank

---

[1] The version attached hereto has been highlighted for convenience.

    e.  Fountain, Shultz & Associates

    f.  B3H Corporation

    g.  Cornerstone Financial Consultants

    h.  Harrison Finance Company

2.  The subpoenas in question are all overbroad and disproportionate to the issues in this case, but Plaintiff's primary concern is the subpoena directed to Old South Land Title, as it is Plaintiff's current employer.

This is a garden-variety employment discrimination case.  Plaintiff asserts that Defendant treated her adversely, and ultimately terminated her, on the basis of her gender.  Plaintiff respectfully requests that the Court grant this motion and quash the  subpoenas identified in Exhibit "A" for the reasons set forth more fully below.

## MEMORANDUM OF LAW

Defendant's counsel provided notice of their intent to issue the subpoenas listed in Exhibit "A" March 2, 2017.  The undersigned was out of the country and without access to email from March 2, 2017, until March 11, 2017, and provided notice of objection to the proposed subpoenas March 11, 2017.  The parties conferred, and Plaintiff offered to provide tax returns and pay stubs in lieu of subpoenaing Old South Land Title.  Defendant declined Plaintiff's offer, argued that their subpoenas are narrowly-tailored and proper,

and indicated their intention to proceed with the subpoenas.  This motion follows.  Plaintiff believes the subpoenas in question, which are directed at non-parties who are only tangentially related to the issues in this case *at best*, should be quashed, or alternatively, a protective order entered.

## I. Plaintiff's Current, Former, and Prospective Employers

Plaintiff is currently employed with Old South Land Title.  Plaintiff was previously employed by Compass Resorts.  Plaintiff previously applied for positions with Midsouth Bank, Fountain, Shultz & Associates, B3H Corporation, Cornerstone Financial Consultants, and Harrison Finance Company.  Plaintiff objects to the subpoenas listed above as they are facially overbroad, the information sought is not proportionately relevant to the instant case, and the Old South Land Title subpoena amounts to harassment.

### a. Defendant's subpoena to Old South Land Title negatively impacts Plaintiff's current employment.

Defendant's subpoena to Old South Land Title, Plaintiff's current employer, has the greatest potential to cause substantial damage to Plaintiff, and should be quashed.  Defendant seeks the following information in their subpoena to Old South Land Title:

1) A job description of all positions held by Ms. Scott from May 2016 through the present;

2) All application materials, notes, or summaries relating to Ms. Scott's application for employment;

3) All disciplinary actions, including documentation of verbal coachings or counselings;

4) All pay records, including W-2 forms;

5) Any documents relating to her termination or separation, if such has occurred; and

6) Any records (including emails, and text messages) of any communications with or about Leah Scott, whether such communications were with Ms. Scott, other departments or staff of your organization, Ms. Scott, or any third parties regarding the areas listed above.[2]

Defendant is more or less demanding a complete copy of Plaintiff's personnel file without explicitly using those words –there is very little, if any, additional information in most personnel files that would not be covered by Defendant's six requests.  Additionally, the final request seeks information far above and beyond what is included in most personnel files.

Given the effect that the "disclosures of disputes  with past employers

---

[2] Defendant's subpoena only contains five enumerated requests, with the sixth as an unnumbered item.  Plaintiff included Defendant's final request as the sixth numbered item for convenience here.

can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort." Conrod v. The Bank of New York, 1998 U.S. Dist. LEXIS 11634 (S.D. N.Y. July 30, 1998) (stating that issuing a subpoena to a plaintiff's current employer amounted to "harassment" under Rule 26(c) by causing plaintiff to worry about her continued employment relationship).

The only relevant information that could possibly be obtained from Plaintiff's current employer is whether Plaintiff satisfied her duty to mitigate damages. As discussed below, there are less intrusive ways for Defendant to discover that information. Accordingly, the subpoenas at issue in this case are not reasonably calculated to lead to discoverable information, but, rather, are part of a fishing expedition by Defendant to ascertain something that might resemble after-acquired evidence of misconduct. See Pena v. Drodriguez, et al, Case No. 15-20607-CIV-King (S.D. Fla., April 19, 2016) (subpoenas duces tecum quashed as served on plaintiff's subsequent employers for personnel and employment records for plaintiff; defendants failed to show that the requested information was unavailable through other sources and the subpoena upon Plaintiff's subsequent employers would likely be disruptive to her new employer).

b. Defendant's subpoenas are facially overbroad.

Defendant's subpoenas seek not only Plaintiff's application, but "all application materials, notes or summaries" related to her application. Defendant also seeks without limitation all disciplinary actions, including documentation of verbal coachings or counselings, which are by definition oftentimes not reduced to writing. Defendant further seeks not just W-2 forms, but "all pay records." In the most egregiously overbroad request, Defendant seeks "any records" of "any communications with or about" Plaintiff including but not limited to emails and text messages, regardless of whether Plaintiff was a party to the communication, or whether the communications were entirely between third parties.

Courts have routinely held that such overbreadth in discovery requests provides sufficient grounds to quash the offending subpoenas. See Henry v. Morgan's Hotel Grp., Inc., 2016 U.S. Dist. LEXIS 8406 (S.D.N.Y. Jan. 25, 2016) (quashing as overbroad subpoena commanding previous employer to produce "[a]ll documents and communications, whether paper, electronic or other media, referring or relating to Phillip Henry including but not limited to personnel files, disciplinary files, and any other employment documents or records"); Premer v. Corestaff Services, L.P., 232 F.R.D. 692 (M.D.Fla. 2005) (quashing subpoenas duces tecum demanding "entire personnel and

benefit files, records relating to plaintiff's hiring, termination, performance, any disciplinary action, compensation, and benefits" as overly broad and not reasonably calculated to lead to the discovery of admissible evidence); Barrington v. Mortgage IT, Inc., 2007 U.S. Dist. LEXIS 90555 (S.D.Fla. Dec. 10, 2007) (rejecting as overly broad on their face subpoenas duces tecum which sought "any and all documents, files and records, reflecting or relating to [plaintiff's] employment"); Badr v. Liberty Mutual Group, Inc., 2007 U.S. Dist. LEXIS 73437 (D. Conn. Sept. 28, 2007) (holding that defendant's subpoena requesting "any and all" records relating to plaintiff was overbroad, and limiting the subpoena to documents relating to prior claims or complaints against plaintiff's coworkers); Richards v. Convergys Corp., 2007 WL 474012 (D. Utah Feb. 7, 2007) (quashing overbroad subpoena duces tecum directed to plaintiff's former employer seeking "all documents in your possession  or control regarding the employment of" the plaintiff);  Richmond v. UPS Service Parts Logistics, 2002 U.S. Dist. LEXIS 7496, at 13 (S.D. Ind. Apr. 5, 2002) (holding that a  discovery request for the plaintiff's entire personnel file was "on its face" overbroad); Franzon v. Massena Mem. Hosp., 189 F.R.D. 220, 222 (N.D.N.Y. 1999) (finding that defendant's discovery request for "any and all documents" without limitations is  overbroad).

Defendant's subpoena, and specifically the sixth request of Defendant's subpoena which appears to request without limitation records of all communications involving Plaintiff, is analogous with the subpoenas found to be improper in the cases listed above.

    c.  <u>Overbroad subpoenas chill litigation</u>.

Defendant's subpoenas violate public policy by creating an unreasonable burden on Plaintiffs which results in a chilling effect on litigation. <u>See</u> <u>Rivera v. NIBCO, Inc.</u>, 364 F.3d 1057, 1065-66 (9th Cir. 2003) (recognizing that discovery that would cause a chilling effect on plaintiffs seeking to enforce their employment rights is an unreasonable burden and, affirming the district court's protective order); <u>EEOC v. Bice of Chicago</u>, 229 F.R.D. 581, 2005 U.S. Dist. LEXIS 15959 (N.D. Ill. 2005) (barring discovery seeking immigration status of employment discrimination plaintiffs because such discovery was oppressive, a substantial burden on the parties and the public interest, and would have a chilling  effect on victims of employment discrimination coming forward to assert claims).

    d.  <u>Defendant's subpoenas seek irrelevant information</u>.

The 2015 amendment of Rule 26(b)(1) substantially narrowed the scope of information that may obtained in discovery from what "appears

reasonably calculated to lead to the discovery of admissible evidence" to what is "proportional to the needs of the case…"  The rule as amended is intended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse" by emphasizing the need to analyze proportionality before ordering production of relevant information."  See Henry v. Morgan's Hotel Grp., Inc., 2016 U.S. Dist. LEXIS 8406, *9 (S.D.N.Y. Jan. 25, 2016) *Citing* Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2015 amendment.

There is no indication that Plaintiff's prior or current employment records would have any bearing on the outcome of this case. Plaintiff has claimed that she suffered discrimination on the basis of her gender. Whether Plaintiff adequately performed her job functions with previous employers is not at all pertinent to that claim. See Henry v. Morgan's Hotel Grp., Inc., Case No. 15-CV-1789, 2016 WL 303114, at *3-4 (S.D. N.Y. Jan. 25, 2016)(using the new Rule 26(b)(1) to quash subpoenas for records from a current employer and two immediate past employers because it was not "remotely apparent what difference [the quality of Plaintiff's prior work] would make regarding the allegations of discrimination and retaliation he has made in this case"). Likewise, Plaintiffs current employment in this case is entirely irrelevant.

e.   The after-acquired evidence rule.

Defendant's subpoenas are not supported by the after-acquired evidence rule.  Although Defendant does not explicitly reserve any rights under the rule in their Answer, the Answer does contain a "catch-all" provision which could conceivably include after-acquired evidence.

Evidence of work performance at jobs other than the one  at issue has been consistently found to be inadmissible because it is offered for inferences about the individual's character, and invites a series of mini-trials which would confuse and unfairly prejudice the jury.  As a result, courts do not allow this kind of evidence, and permitting Defendant to obtain such information is contrary to the scope of discovery.  See Baltazar v. Florida State Hospital/Hernandez, Case No. 4:04-CV-462-SPM/AK (N.D. Fla., July 5, 2015) (plaintiff's current employment records are not reasonably calculated to lead to admissible evidence; "applications for employment, resumes, verification of employment and letters of recommendation would not provide evidence of under-working; nor would attendance and absentee records, since Plaintiff is getting paid as an independent contractor for each chart he reviews."); Zubulake v. UBS Warburg LLC, 382 F. Supp. 2d 536, 539-540 (D.N.Y. 2005) (evidence of plaintiff's prior employment to show that  she had a propensity for certain performance deficiencies excluded as inadmissible

propensity evidence).

Defendant may claim that this evidence is admissible because: (1) Plaintiffs character is at issue; (2) the evidence is proffered to prove matters other than Plaintiffs character, and (3) the evidence is admissible to prove habit pursuant to Rule 406. Any argument in this vein should be rejected. See Neuren v. Adduci, Mastriani, Meeks & Schill, 43 F.3d 1507 (D.C. Cir. 1995) (arguments made immediately above rejected); Zenian v. District of Columbia, 283 F. Supp. 2d 36, 40 (D.D.C. 2003) ("If the District is offering the evidence to show that plaintiff has always been a bad employee, it is doing exactly what it cannot do: introduce evidence of a person's character to prove that his behavior on one or more occasions was consistent with that character. FED. R. EVID. 404(a). The only purpose of proving that plaintiff was a bad employee before 1995 is to prove that he was an equally bad employee after 1995. That, of course, is exactly what a litigant cannot do.").

Other courts have quashed subpoenas to previous employers when the defendant has not adequately explained the basis of its belief that after-acquired evidence exists. See Cute v. ICC Capital Management, Inc., Case No. 6:09-CV-1761-Orl-22DAB (M.D. Fla. June 22, 2010) (quashing subpoenas to previous employers and holding Defendant failed to assert a basis for seeking after-acquired evidence of wrongdoing when defendant

stated that the subpoenas "may show previous disciplinary and performance problems, reasons for termination of employment, and/or previous complaints of the same nature alleged by Plaintiff . . . relevant to Defendant's affirmative defenses"). Defendant cannot offer any basis for requesting Plaintiffs' employment records, and can provide no evidence that would suggest any of the information would be relevant here.

Defendant's subpoenas to nonparties in this case are nothing more than a fishing expedition, undertaken without good cause to believe any relevant information exists. See E.E.O.C. v. S. Haulers, LLC, Case No. 11-00564-N, 2012 U.S. Dist. LEXIS 68997, 2012 WL 1768064, at *3-4 (S.D. Ala. May 17, 2012) (granting motions to quash because "the mere possibility" that defendant might discover evidence or "fish out" something that might be admissible as impeachment evidence did not justify the broad requests).

The after-acquired evidence rule does not justify the use of overbroad subpoenas, even when there may be relevant after-acquired evidence. See Premer v. Corestaff Servs., L.P., 232 F.R.D. 692, 693 (M.D. Fla. 2005)(holding defendant's subpoena to third part overly intrusive and unnecessary, even when there was a discrepancy between the plaintiff's interrogatories and employment application). Defendant cannot show cause to believe relevant after-acquired evidence exists in the instant case.

f.  Plaintiff's duty to mitigate damages.

Defendant listed Plaintiff's alleged failure to mitigate her damages as the seventh affirmative defense in their Answer (ECF No. 7).  The only relevant time period for the mitigation of damages is after the Plaintiff was terminated. See Cute v. ICC Capital Management, Inc., Case No. 6:09-CV-1761-Orl-22DAB (M.D. Fla., June 22, 2010) ("[defendant] argues that the discovery relates to Plaintiff's duty to mitigate her damages in showing that she is entitled to back pay; if so, then the Court finds that the subpoenas to all three employers from the time before she worked at [defendant] do not seek discovery that is reasonably calculated to lead to the discovery of admissible evidence of mitigation").

Records from Plaintiffs' current employers may be relevant to Defendant's affirmative defense of failure to mitigate, however Defendant is not entitled to examine Plaintiffs' entire employment records just to ascertain whether proper mitigation took place. Defendant may only seek the specific information necessary to support their argument.  Id. (holding that Defendant is only entitled to learn what Plaintiff was doing while she was out of the job market in order to assess whether she had properly mitigated damages).  As previously offered, Plaintiff would be happy to produce pay records and other documentation rather than risk losing her current employment due to the

issuance of a subpoena.

## II.   Plaintiff's medical records

Plaintiff is a current patient of Coastal Skin & Dermatology. Defendant's subpoena to Coastal Skin Surgery & Dermatology, similarly to Defendant's other subpoenas, essentially seeks Plaintiff's entire medical file. The subpoena also includes an unnumbered provision, with identical language used in the other subpoenas, which requests all records of all communications. This is a garden-variety employment discrimination case, and Defendant is not entitled to the medical records requested. Defendant will likely cite Plaintiff's Answer to Interrogatory number nine which lists Coastal Skin Surgery & Dermatology and states that her psoriasis was exacerbated by distress. This alone is insufficient to entitle Defendant to examine Plaintiff's entire medical file, and shows no regard for her legitimate privacy interest in those records. See Dejesus *et. al* v. Tender Touch, Case No. 5:16-CV-49-RH/GRJ (N.D. Fla., December 1, 2016).[3]

Wherefore, Plaintiff respectfully requests that Defendant's subpoenas be quashed, or that the Court issue a protective order.

---

[3] The Order cited is fairly recent, and is attached hereto as Exhibit "B" for convenience.

## Certificate of Type and Font

I hereby certify that the instant motion contains 2,821 words, and is prepared in 14 point font.

## Certificate of Conferral

Counsel for both parties conferred prior to filing the instant motion, but were unable to reach an agreement to withdraw or otherwise limit the subpoenas in question.

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing Motion has been provided to all counsel of record via CM/ECF this 14th day of March, 2017.

Respectfully submitted,

_____

Adam Ellis; FBN 35628
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL   32303
Telephone: (850) 383-4800
Facsimile:  (850) 383-4801
adam@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF

Exhibit A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**LEAH SCOTT,**

    **Plaintiff,**                           **Case No.: 3:16CV719-RV/GRJ**

**v.**

**EGLIN FEDERAL CREDIT
UNION,**

    **Defendant.**

_____/

## DEFENDANT'S PRIOR NOTICE OF
## COMMANDED PRODUCTION OF DOCUMENTS

**PLEASE TAKE NOTICE** that Defendant, Eglin Federal Credit Union, by and through its undersigned attorneys, pursuant Rule 45 of the Federal Rules of Civil Procedure, intends to command the production of certain documents from the following individuals/entities, said command being for the purpose of discovery, for use at trial, or both. Defendant intends to issue the attached Subpoenas *Duces Tecum* without deposition on March 6, 2017 requiring production of the specified documents on March 20, 2017 at the office of Constangy, Brooks, Smith & Prophete, LLP, 200 W. Forsyth St., Ste. 1700, Jacksonville, FL 32202 to the following entities:

<mark>Compass Resorts</mark>
13339 Emerald Coast Parkway
Destin, FL 32550

Coastal Skin Surgery & Dermatoglogy
914 Mar Walt Drive, Suite A
Fort Walton Beach, FL 32547

Old South Land Title
60 2nd Street, Suite C-4
Shalimar, FL 32579

MidSouth Bank
768 Beale Parkway NW
Fort Walton Beach, FL 32547

Fountain, Shultz & Associates
2043 Fountain Professional Court, Suite A
Navarre, FL 32566

B3H Corporation
51 3rd Street
Shalimar, FL 32579

Cornerstone Financial Consultants
2018 Lewis Turner Blvd., Suite A
Fort Walton Beach, FL 32547

Harrison Finance Company
5709 Highway 90 W
Milton, FL 32583

See Subpoenas attached as Exhibit A.

PLEASE GOVERN YOURSELF ACCORDINGLY.

Respectfully submitted,

CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
200 W. Forsyth Street, Suite 1700
Jacksonville, Florida 32202
Telephone: (904) 356-8900
Facsimile: (904) 356-8200

By: /s/ Gary R. Wheeler_____
     Gary R. Wheeler
     Florida Bar No.: 0131865
     gwheeler@constangy.com
     Ariel P. Cook
     Florida Bar No.: 0046812
     acook@constangy.com

     Attorneys for Defendant,
     Eglin Federal Credit Union

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true copy of the above has been served via email this 2nd day of March, 2017 upon the following:

     Marie A. Mattox, Esq.
     Adam Ellis, Esq.
     310 East Bradford Road
     Tallahassee, FL 32303
     Marie@mattoxlaw.com
     Adam@mattoxlaw.com

     /s/ Ariel Cook_____
     Attorney

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**LEAH SCOTT,**

      **Plaintiff,**               **Case No.: 3:16CV719-RV/GRJ**

**v.**

**EGLIN FEDERAL CREDIT UNION,**

      **Defendant.**

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

THE STATE OF FLORIDA:

                TO:    Compass Resorts
                        Attn: Records Custodian
                        13339 Emerald Coast Parkway
                        Destin, FL 32550

**YOU ARE COMMANDED** to appear at the office of Constangy, Brooks, Smith & Prophete, LLP, 200 W. Forsyth Street, Suite 1700, Jacksonville, Florida 32202, on **March 20, 2017 at 9:00 a.m.** and to have with you at that time and place the documents listed in attached Exhibit "A".

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. **You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production.**

**You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.  You may mail or deliver the copies to the attorney whose name appears on this subpoena (at the law office of Constangy, Brooks, Smith & Prophete, LLP, 200 W. Forsyth Street, Suite 1700, Jacksonville, Florida, 32202), and thereby eliminate your appearance at the time and place specified above.**

You have the right to object to the production pursuant to this subpoena by giving written notice to the attorney whose name appears on this subpoena.  THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)     appear as specified; or

(2)     furnish the records instead of appearing as provided above; or

(3)     object to this subpoena,

you may be in contempt of court.  You are subpoenaed to appear by the following attorneys, and unless excused from this subpoena by these attorneys or the Court, you shall respond to this subpoena as directed.


DATED this 6th day of March, 2017.

Respectfully submitted,

CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
200 W. Forsyth Street, Suite 1700
Jacksonville, Florida 32202
Telephone: (904) 356-8900
Facsimile: (904) 356-8200

By: /s/ Gary R. Wheeler
     Gary R. Wheeler
     Florida Bar No.: 0131865
     gwheeler@constangy.com
     Ariel P. Cook
     Florida Bar No.: 0046812
     acook@constangy.com

     Attorneys for Defendant,
     Eglin Federal Credit Union

Requested by:

_____

Attorneys for Defendant,
Eglin Federal Credit Union

## EXHIBIT "A"

With regard to your employee/former employee, Leah L. Scott, DOB: 6/29/1963; SSN: XXX-XX-1871, and who was employed at Compass Resorts at 13339 Emerald Coast Parkway, Destin, FL 32550, between May 2016 and August 2016, please provide the following:

1) A job description of all positions held by Ms. Scott from May-August 2016;

2) All application materials, notes, or summaries relating to Ms. Scott's application for employment;

3) All disciplinary actions, including documentation of verbal coachings or counselings;

4) All pay records, including W-2 forms; and

5) Any documents relating to her termination or separation if such has occurred;

This subpoena specifically includes any records (including emails and text messages) of any communications with or about Leah Scott, whether such communications were with Ms. Scott, other departments or staff of your organization, Ms. Scott, or any third parties regarding the areas listed above.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEAH SCOTT,

       Plaintiff,                  Case No.: 3:16CV719-RV/GRJ

v.

EGLIN FEDERAL CREDIT
UNION,

       Defendant.

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

THE STATE OF FLORIDA:

          TO:   Coastal Skin Surgery & Dermatology
                 Attn: Records Custodian
                 914 Mar Walt Drive, Suite A
                 Fort Walton Beach, Florida 32547

**YOU ARE COMMANDED** to appear at the office of Constangy, Brooks, Smith & Prophete, LLP, 200 W. Forsyth Street, Suite 1700, Jacksonville, Florida 32202, on **March 20, 2017 at 9:00 a.m.** and to have with you at that time and place the documents listed in attached Exhibit "A".

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. **You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production.**

4420149v.1

**You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena (at the law office of Constangy, Brooks, Smith & Prophete, LLP, 200 W. Forsyth Street, Suite 1700, Jacksonville, Florida, 32202), and thereby eliminate your appearance at the time and place specified above.**

You have the right to object to the production pursuant to this subpoena by giving written notice to the attorney whose name appears on this subpoena.  THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)     appear as specified; or

(2)     furnish the records instead of appearing as provided above; or

(3)     object to this subpoena,

you may be in contempt of court.  You are subpoenaed to appear by the following attorneys, and unless excused from this subpoena by these attorneys or the Court, you shall respond to this subpoena as directed.


DATED this 6th day of March, 2017.

Respectfully submitted,

CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
200 W. Forsyth Street, Suite 1700
Jacksonville, Florida 32202
Telephone: (904) 356-8900
Facsimile: (904) 356-8200

By:  /s/ Gary R. Wheeler
     Gary R. Wheeler
     Florida Bar No.: 0131865
     gwheeler@constangy.com
     Ariel P. Cook
     Florida Bar No.: 0046812
     acook@constangy.com

     Attorneys for Defendant,
     Eglin Federal Credit Union

Requested by:

_____

Attorneys for Defendant,
Eglin Federal Credit Union

## EXHIBIT "A"

With regard to your patient/former patient, Leah L. Scott, DOB: 6/29/1963; SSN: XXX-XX-1871, please provide the following for the period between January 1, 2016 and the present:

1) All documents related to Ms. Scott's health, particularly any documents relating to conditions, symptoms, complaints, etc. by Ms. Scott as it relates to her employment with and/or termination from Eglin Federal Credit Union;

2) Notes, reports, charts, medical history, appointment dates, files, correspondence, referrals, referral letters, documents related to the diagnosis, prognosis, and treatment of Ms. Scott;

3) Notes issued to Ms. Scott's employer(s) or other entities or individuals for purposes of explaining absences, or supporting leaves of absence, FMLA certifications, fitness for duty, accommodations of health conditions, work restrictions, insurance benefits, short or long term disability forms, social security disability forms, or program completion;

4) Any other notes of patient interviews, patient notes or other data provided by or to Ms. Scott; and

5) All billing statements, payment records, receipts, accounting records, and/or correspondence referring to or related to any treatment provided by you or your office; and

6) All records indicated above including, but not limited to, the treatment of this patient by Dr. Brittain Kulow.

    This subpoena specifically includes any records (including emails and text messages) of any communications with or about Leah Scott, whether such communications were with Ms. Scott, other departments or staff of your organization, Ms. Scott, or any third parties regarding the areas listed above.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**LEAH SCOTT,**

        **Plaintiff,**                    **Case No.: 3:16CV719-RV/GRJ**

v.

**EGLIN FEDERAL CREDIT UNION,**

        **Defendant.**

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

THE STATE OF FLORIDA:

                TO:    Old South Land Title
                        Attn: Records Custodian
                        60 2nd Street, Suite C-4
                        Shalimar, FL 32579

**YOU ARE COMMANDED** to appear at the office of Constangy, Brooks, Smith & Prophete, LLP, 200 W. Forsyth Street, Suite 1700, Jacksonville, Florida 32202, on **March 20, 2017 at 9:00 a.m.** and to have with you at that time and place the documents listed in attached Exhibit "A".

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. **You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production.**

**You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena (at the law office of Constangy, Brooks, Smith & Prophete, LLP, 200 W. Forsyth Street, Suite 1700, Jacksonville, Florida, 32202), and thereby eliminate your appearance at the time and place specified above.**

You have the right to object to the production pursuant to this subpoena by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)    appear as specified; or

(2)    furnish the records instead of appearing as provided above; or

(3)    object to this subpoena,

you may be in contempt of court. You are subpoenaed to appear by the following attorneys, and unless excused from this subpoena by these attorneys or the Court, you shall respond to this subpoena as directed.


DATED this 6th day of March, 2017.

Respectfully submitted,

CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
200 W. Forsyth Street, Suite 1700
Jacksonville, Florida 32202
Telephone: (904) 356-8900
Facsimile: (904) 356-8200

By: /s/ Gary R. Wheeler
    Gary R. Wheeler
    Florida Bar No.: 0131865
    gwheeler@constangy.com
    Ariel P. Cook
    Florida Bar No.: 0046812
    acook@constangy.com

    Attorneys for Defendant,
    Eglin Federal Credit Union

Requested by:

_____

Attorneys for Defendant,
Eglin Federal Credit Union

4420112v.1

**EXHIBIT "A"**

With regard to your employee/former employee, Leah L. Scott, DOB: 6/29/1963; SSN: XXX-XX-1871, and who was employed at Old South Land Title at 60 2nd Street, Suite C-4, Shalimar, FL 32579, between May 2016 and the present, please provide the following:

1) A job description of all positions held by Ms. Scott from May 2016 through the present;

2) All application materials, notes, or summaries relating to Ms. Scott's application for employment;

3) All disciplinary actions, including documentation of verbal coachings or counselings;

4) All pay records, including W-2 forms; and

5) Any documents relating to her termination or separation if such has occurred.

This subpoena specifically includes any records (including emails and text messages) of any communications with or about Leah Scott, whether such communications were with Ms. Scott, other departments or staff of your organization, Ms. Scott, or any third parties regarding the areas listed above.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**LEAH SCOTT,**

      **Plaintiff,**                          **Case No.: 3:16CV719-RV/GRJ**

**v.**

**EGLIN FEDERAL CREDIT
UNION,**

      **Defendant.**

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

THE STATE OF FLORIDA:

                TO:    MidSouth Bank
                        Attn: Records Custodian
                        768 Beale Parkway NW
                        Fort Walton Beach, FL 32547

      **YOU ARE COMMANDED** to appear at the office of Constangy, Brooks, Smith & Prophete, LLP, 200 W. Forsyth Street, Suite 1700, Jacksonville, Florida 32202, on **March 20, 2017 at 9:00 a.m.** and to have with you at that time and place the documents listed in attached <u>Exhibit "A"</u>.

      These items will be inspected and may be copied at that time. You will not be required to surrender the original items. **You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production.**

**You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena (at the law office of Constangy, Brooks, Smith & Prophete, LLP, 200 W. Forsyth Street, Suite 1700, Jacksonville, Florida, 32202), and thereby eliminate your appearance at the time and place specified above.**

You have the right to object to the production pursuant to this subpoena by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)   appear as specified; or

(2)   furnish the records instead of appearing as provided above; or

(3)   object to this subpoena,

you may be in contempt of court. You are subpoenaed to appear by the following attorneys, and unless excused from this subpoena by these attorneys or the Court, you shall respond to this subpoena as directed.


DATED this 6th day of March, 2017.


4421966v.1

Respectfully submitted,

CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
200 W. Forsyth Street, Suite 1700
Jacksonville, Florida 32202
Telephone: (904) 356-8900
Facsimile: (904) 356-8200

By:  /s/ Gary R. Wheeler
      Gary R. Wheeler
      Florida Bar No.: 0131865
      gwheeler@constangy.com
      Ariel P. Cook
      Florida Bar No.: 0046812
      acook@constangy.com

      Attorneys for Defendant,
      Eglin Federal Credit Union

Requested by:

_____

Attorneys for Defendant,
Eglin Federal Credit Union

4421966v.1

# EXHIBIT "A"

With regard to your applicant, Leah L. Scott, DOB: 6/29/1963; SSN: XXX-XX-1871, and who applied for employment with MidSouth Bank between January 2016 and the present, please provide the following:

1) A job description of all positions Ms. Scott applied for from January 2016 through the present;

2) All resumes and employment applications issued by or received from Plaintiff, Leah Scott;

3) All documents, records, and notes that pertain or relate to any interview and/or application evaluation of Plaintiff, Leah Scott;

4) Copies of all correspondence received by, or sent to, Ms. Scott; and

5) All documents, records, and notes relating to the reason(s) why Plaintiff, Leah Scott was not selected for the position(s) she applied for or, if Ms. Scott was selected, documents, records, notes, and correspondence showing the job she was offered, and/or a job description(s) for those positions.

This subpoena specifically includes any records (including emails and text messages) of any communications with or about Leah Scott, whether such communications were with Ms. Scott, other departments or staff of your organization, Ms. Scott, or any third parties regarding the areas listed above.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**LEAH SCOTT,**

      **Plaintiff,**               **Case No.: 3:16CV719-RV/GRJ**

**v.**

**EGLIN FEDERAL CREDIT
UNION,**

      **Defendant.**

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

THE STATE OF FLORIDA:

           TO:   Fountain, Schultz & Associates
                    Attn: Records Custodian
                    2043 Fountain Professional Court, Suite A
                    Navarre, FL 32566

      **YOU ARE COMMANDED** to appear at the office of Constangy, Brooks, Smith & Prophete, LLP, 200 W. Forsyth Street, Suite 1700, Jacksonville, Florida 32202, on **March 20, 2017 at 9:00 a.m.** and to have with you at that time and place the documents listed in attached <u>Exhibit "A"</u>.

      These items will be inspected and may be copied at that time. You will not be required to surrender the original items. **You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production.**

**You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.  You may mail or deliver the copies to the attorney whose name appears on this subpoena (at the law office of Constangy, Brooks, Smith & Prophete, LLP, 200 W. Forsyth Street, Suite 1700, Jacksonville, Florida, 32202), and thereby eliminate your appearance at the time and place specified above.**

You have the right to object to the production pursuant to this subpoena by giving written notice to the attorney whose name appears on this subpoena.  THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)     appear as specified; or

(2)     furnish the records instead of appearing as provided above; or

(3)     object to this subpoena,

you may be in contempt of court.  You are subpoenaed to appear by the following attorneys, and unless excused from this subpoena by these attorneys or the Court, you shall respond to this subpoena as directed.


DATED this 6th day of March, 2017.

Respectfully submitted,

CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
200 W. Forsyth Street, Suite 1700
Jacksonville, Florida 32202
Telephone: (904) 356-8900
Facsimile: (904) 356-8200

By:  /s/ Gary R. Wheeler_____
      Gary R. Wheeler
      Florida Bar No.: 0131865
      gwheeler@constangy.com
      Ariel P. Cook
      Florida Bar No.: 0046812
      acook@constangy.com

      Attorneys for Defendant,
      Eglin Federal Credit Union

Requested by:

_____
Attorneys for Defendant,
Eglin Federal Credit Union

## EXHIBIT "A"

With regard to your applicant, Leah L. Scott, DOB: 6/29/1963; SSN: XXX-XX-1871, and who applied for employment with Fountain, Schultz & Associates between January 2016 and the present, please provide the following:

1)   A job description of all positions Ms. Scott applied for from January 2016 through the present;

2)   All resumes and employment applications issued by or received from Plaintiff, Leah Scott;

3)   All documents, records, and notes that pertain or relate to any interview and/or application evaluation of Plaintiff, Leah Scott;

4)   Copies of all correspondence received by, or sent to, Ms. Scott; and

5)   All documents, records, and notes relating to the reason(s) why Plaintiff, Leah Scott was not selected for the position(s) she applied for or, if Ms. Scott was selected, documents, records, notes, and correspondence showing the job she was offered, and/or a job description(s) for those positions.

This subpoena specifically includes any records (including emails and text messages) of any communications with or about Leah Scott, whether such communications were with Ms. Scott, other departments or staff of your organization, Ms. Scott, or any third parties regarding the areas listed above.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**LEAH SCOTT,**

       **Plaintiff,**                    **Case No.: 3:16CV719-RV/GRJ**

**v.**

**EGLIN FEDERAL CREDIT
UNION,**

       **Defendant.**

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

THE STATE OF FLORIDA:

          TO:   B3H Corporation
                Attn: Records Custodian
                51 3rd Street
                Shalimar, FL 32579

     **YOU ARE COMMANDED** to appear at the office of Constangy, Brooks, Smith & Prophete, LLP, 200 W. Forsyth Street, Suite 1700, Jacksonville, Florida 32202, on **March 20, 2017 at 9:00 a.m.** and to have with you at that time and place the documents listed in attached Exhibit "A".

     These items will be inspected and may be copied at that time.  You will not be required to surrender the original items.  **You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production.**

4421991v.1

**You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation.   You may mail or deliver the copies to the attorney whose name appears on this subpoena (at the law office of Constangy, Brooks, Smith & Prophete, LLP, 200 W. Forsyth Street, Suite 1700, Jacksonville, Florida, 32202), and thereby eliminate your appearance at the time and place specified above.**

You have the right to object to the production pursuant to this subpoena by giving written notice to the attorney whose name appears on this subpoena.   THIS WILL NOT BE A DEPOSITION.  NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)   appear as specified; or

(2)   furnish the records instead of appearing as provided above; or

(3)   object to this subpoena,

you may be in contempt of court.  You are subpoenaed to appear by the following attorneys, and unless excused from this subpoena by these attorneys or the Court, you shall respond to this subpoena as directed.

DATED this 6th day of March, 2017.

Respectfully submitted,

CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
200 W. Forsyth Street, Suite 1700
Jacksonville, Florida 32202
Telephone: (904) 356-8900
Facsimile: (904) 356-8200

By: /s/ Gary R. Wheeler
      Gary R. Wheeler
      Florida Bar No.: 0131865
      gwheeler@constangy.com
      Ariel P. Cook
      Florida Bar No.: 0046812
      acook@constangy.com

      Attorneys for Defendant,
      Eglin Federal Credit Union

Requested by:

_____

Attorneys for Defendant,
Eglin Federal Credit Union

4421991v.1

# EXHIBIT "A"

With regard to your applicant, Leah L. Scott, DOB: 6/29/1963; SSN: XXX-XX-1871, and who applied for employment with B3H Corporation between January 2016 and the present, please provide the following:

1) A job description of all positions Ms. Scott applied for from January 2016 through the present;

2) All resumes and employment applications issued by or received from Plaintiff, Leah Scott;

3) All documents, records, and notes that pertain or relate to any interview and/or application evaluation of Plaintiff, Leah Scott;

4) Copies of all correspondence received by, or sent to, Ms. Scott; and

5) All documents, records, and notes relating to the reason(s) why Plaintiff, Leah Scott was not selected for the position(s) she applied for or, if Ms. Scott was selected, documents, records, notes, and correspondence showing the job she was offered, and/or a job description(s) for those positions.

This subpoena specifically includes any records (including emails and text messages) of any communications with or about Leah Scott, whether such communications were with Ms. Scott, other departments or staff of your organization, Ms. Scott, or any third parties regarding the areas listed above.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**LEAH SCOTT,**

      **Plaintiff,**                   **Case No.: 3:16CV719-RV/GRJ**

**v.**

**EGLIN FEDERAL CREDIT
UNION,**

      **Defendant.**

_____/

### SUBPOENA DUCES TECUM WITHOUT DEPOSITION

THE STATE OF FLORIDA:

              TO:   Cornerstone Financial Consultants
                      Attn: Records Custodian
                      2018 Lewis Turner Blvd., Suite A
                      Fort Walton Beach, FL 32547

     **YOU ARE COMMANDED** to appear at the office of Constangy, Brooks, Smith & Prophete, LLP, 200 W. Forsyth Street, Suite 1700, Jacksonville, Florida 32202, on **March 20, 2017 at 9:00 a.m.** and to have with you at that time and place the documents listed in attached <u>Exhibit "A"</u>.

     These items will be inspected and may be copied at that time.  You will not be required to surrender the original items.  **You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production.**

**You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena (at the law office of Constangy, Brooks, Smith & Prophete, LLP, 200 W. Forsyth Street, Suite 1700, Jacksonville, Florida, 32202), and thereby eliminate your appearance at the time and place specified above.**

You have the right to object to the production pursuant to this subpoena by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)     appear as specified; or

(2)     furnish the records instead of appearing as provided above; or

(3)     object to this subpoena,

you may be in contempt of court. You are subpoenaed to appear by the following attorneys, and unless excused from this subpoena by these attorneys or the Court, you shall respond to this subpoena as directed.

DATED this 6th day of March, 2017.

Respectfully submitted,

CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
200 W. Forsyth Street, Suite 1700
Jacksonville, Florida 32202
Telephone: (904) 356-8900
Facsimile: (904) 356-8200

By:  /s/ Gary R. Wheeler
        Gary R. Wheeler
        Florida Bar No.: 0131865
        gwheeler@constangy.com
        Ariel P. Cook
        Florida Bar No.: 0046812
        acook@constangy.com

        Attorneys for Defendant,
        Eglin Federal Credit Union

Requested by:

_____

Attorneys for Defendant,
Eglin Federal Credit Union

# EXHIBIT "A"

With regard to applicant, Leah L. Scott, DOB: 6/29/1963; SSN: XXX-XX-1871, and who applied for employment with Cornerstone Financial Consultants between January 2016 and the present, please provide the following:

1)  A job description of all positions Ms. Scott applied for from January 2016 through the present;

2)  All resumes and employment applications issued by or received from Plaintiff, Leah Scott;

3)  All documents, records, and notes that pertain or relate to any interview and/or application evaluation of Plaintiff, Leah Scott;

4)  Copies of all correspondence received by, or sent to, Ms. Scott; and

5)  All documents, records, and notes relating to the reason(s) why Plaintiff, Leah Scott was not selected for the position(s) she applied for or, if Ms. Scott was selected, documents, records, notes, and correspondence showing the job she was offered, and/or a job description(s) for those positions.

This subpoena specifically includes any records (including emails and text messages) of any communications with or about Leah Scott, whether such communications were with Ms. Scott, other departments or staff of your organization, Ms. Scott, or any third parties regarding the areas listed above.

4421972v.1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**LEAH SCOTT,**

      **Plaintiff,**                **Case No.: 3:16CV719-RV/GRJ**

**v.**

**EGLIN FEDERAL CREDIT
UNION,**

      **Defendant.**

_____/

## SUBPOENA DUCES TECUM WITHOUT DEPOSITION

THE STATE OF FLORIDA:

              TO:   Harrison Finance Company
                      c/o CT Corporation System
                      1200 South Pine Island Road
                      Plantation, FL 33324

**YOU ARE COMMANDED** to appear at the office of Constangy, Brooks, Smith & Prophete, LLP, 200 W. Forsyth Street, Suite 1700, Jacksonville, Florida 32202, on **March 20, 2017 at 9:00 a.m.** and to have with you at that time and place the documents listed in attached Exhibit "A".

These items will be inspected and may be copied at that time. You will not be required to surrender the original items. **You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production.**

**You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena (at the law office of Constangy, Brooks, Smith & Prophete, LLP, 200 W. Forsyth Street, Suite 1700, Jacksonville, Florida, 32202), and thereby eliminate your appearance at the time and place specified above.**

You have the right to object to the production pursuant to this subpoena by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

If you fail to:

(1)     appear as specified; or

(2)     furnish the records instead of appearing as provided above; or

(3)     object to this subpoena,

you may be in contempt of court. You are subpoenaed to appear by the following attorneys, and unless excused from this subpoena by these attorneys or the Court, you shall respond to this subpoena as directed.

DATED this 6th day of March, 2017.

Respectfully submitted,

CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
200 W. Forsyth Street, Suite 1700
Jacksonville, Florida 32202
Telephone: (904) 356-8900
Facsimile: (904) 356-8200

By:  /s/ Gary R. Wheeler_____
       Gary R. Wheeler
       Florida Bar No.: 0131865
       gwheeler@constangy.com
       Ariel P. Cook
       Florida Bar No.: 0046812
       acook@constangy.com

       Attorneys for Defendant,
       Eglin Federal Credit Union

Requested by:

_____
Attorneys for Defendant,
Eglin Federal Credit Union

4421979v.1

# EXHIBIT "A"

With regard to your applicant, Leah L. Scott, DOB: 6/29/1963; SSN: XXX-XX-1871, and who applied for employment with Harrison Finance Company between January 2016 and the present, please provide the following:

1) A job description of all positions Ms. Scott applied for from January 2016 through the present;

2) All resumes and employment applications issued by or received from Plaintiff, Leah Scott;

3) All documents, records, and notes that pertain or relate to any interview and/or application evaluation of Plaintiff, Leah Scott;

4) Copies of all correspondence received by, or sent to, Ms. Scott; and

5) All documents, records, and notes relating to the reason(s) why Plaintiff, Leah Scott was not selected for the position(s) she applied for or, if Ms. Scott was selected, documents, records, notes, and correspondence showing the job she was offered, and/or a job description(s) for those positions.

This subpoena specifically includes any records (including emails and text messages) of any communications with or about Leah Scott, whether such communications were with Ms. Scott, other departments or staff of your organization, Ms. Scott, or any third parties regarding the areas listed above.

4421979v.1

Exhibit B

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

CARMEN CIARA DEJESUS
and MANAL S. GHAFERY,

       Plaintiffs,

v.                                 CASE NO.  5:16cv49-RH/GRJ

TENDER TOUCH HEALTH CARE
SERVICES,

       Defendant.

_____/

## ORDER QUASHING SUBPOENAS

This is a garden-variety employment-discrimination case. The plaintiffs

Carmen Ciara DeJesus and Manal S. Ghafery assert that their former employer, the

defendant Tender Touch Health Care Services, treated them adversely and

ultimately terminated them because of their gender and in retaliation for blowing

the whistle on Tender Touch's illegal actions. Tender Touch says that it did not

treat the plaintiffs adversely based on their gender, that it terminated Ms. DeJesus

based on poor performance and failure to perform her job duties, and that it

terminated Ms. Ghafery based on poor and inconsistent performance, attendance, and reports that Ms. Ghafery disparaged Tender Touch.

Tender Touch has served extraordinarily broad, virtually unlimited subpoenas on the plaintiffs' other employers—those that preceded or followed Tender Touch—and on the plaintiffs' medical providers. The plaintiffs have moved to quash the subpoenas or for a protective order. This order grants the motion.

Under Federal Rule of Civil Procedure 26(b)(1), the scope of discovery, unless further limited by court order, is this:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Tender Touch has not explained how *any* of the information it has subpoenaed is relevant to a claim or defense. Some may be relevant, but most plainly is not. And even more clearly, Tender Touch has not explained how the subpoenas are proportional to the needs of the case. The burden of the proposed discovery, on the plaintiffs and more clearly on the subpoenaed entities, far exceeds the likely benefit.

Tender Touch has made no effort to tailor the subpoenas to this case or to target information that might have any bearing at all on a claim or defense. In opposing the motion to quash, Tender Touch cites decisions that preceded the amendment narrowing the scope of discovery as quoted above—an amendment that, coupled with prior amendments, was intended to put a stop to the almost-anything-goes approach that held sway for too long and led to abuses. Tender Touch's approach is a paradigm of the kind of discovery the rule drafters have encouraged district courts to disallow.

Only one specific category of the subpoenaed information deserves mention. The plaintiffs seek not only special damages but general damages—damages for mental and emotional anguish. Tender Touch says this supports discovery of the plaintiffs' medical records. The parties cite cases on each side of the question whether a claim for garden-variety mental and emotional damages in an employment-discrimination case allows a defendant to discover the plaintiff's mental-health records. *Compare, e.g.*, *Ortiz-Carballo v. Ellspermann*, No. 5:08-cv-165-Oc-10GRJ, 2009 WL 961131, at *2 (M.D. Fla. April 7, 2009) (blocking discovery of mental-health records), *with Pinkney v. Winn-Dixie Stores, Inc.*, No. CV214-075, 2015 WL 1000859, at *5 (S.D. Ga. Mar. 6, 2015) (allowing discovery of mental-health records). I need not resolve that issue here, because Tender Touch has not targeted its subpoenas to any such records. Tender Touch has instead asked

for all the plaintiffs' medical records—an obviously overbroad approach showing no regard for the plaintiffs' legitimate privacy interest in irrelevant medical records.

Tender Touch says if the subpoenas are held overly broad—as they obviously are—then I should narrow them. This is, in effect, an invitation for the court to do the work that Tender Touch was obligated to do before issuing the subpoenas. Adopting this approach would be an institutional disaster, providing an incentive for parties to issue overly broad discovery requests, relying on the court to narrow the requests to the broadest permissible scope. I decline the invitation.

Tender Touch also says the motion to quash or for a protective order is untimely. The plaintiffs filed the motion 18 days after the date on the subpoenas. This was four days after the ostensible return date. Even assuming the plaintiffs received notice of the subpoenas on the date of issuance and that the motion was untimely, this does not preclude consideration of the motion on the merits. A district court has discretion to consider objections to discovery under these circumstances. *See, e.g.*, *In re Accutane Prod. Liab. Litig.*, Nos. 8:04-md-2523-T-30TBM, 8:05-cv-926-T-30TBM, 2006 WL 1281598, at *1 (M.D. Fla. May 9, 2006); *Walinbay S.A. v. Fresh Results, LLC*, Nos. 13-CIV-60844, 13-CIV-615460, 2014 WL 1267170, at *2 (S.D. Fla. Feb. 26, 2014); *Miami-Dade Cty. v. Johnson Controls, Inc.*, No. 10-20881-CIV, 2011 WL 1548969, at *3 (S.D. Fla. April 21,

2011); *ATLC, Ltd. v. Eastman Kodak Co.*, No. 6:06-cv-416-Orl-19KRS, 2006 WL

3422413, at *1 (M.D. Fla. Nov. 28, 2006). In light of the obvious overbreadth of

these subpoenas and their impact on nonparties, I exercise my discretion to

consider these objections.

Under Federal Rule of Civil Procedure 37(a)(5)(A), the party or attorney

whose conduct necessitated a discovery motion "must" be ordered to pay the

reasonable expenses incurred in making the motion, including attorney's fees,

unless the moving party filed the motion before attempting in good faith to obtain

the discovery without court action, or the opposing party's position was

"substantially justified," or "other circumstances make an award of expenses

unjust." Unless one of these conditions is met, an award of expenses is

"mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir.

1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir.

Unit A June 1981)). A position is "substantially justified" if it results from a

"genuine dispute, or if reasonable people could differ as to the appropriateness of

the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations,

quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

Here Tender Touch has taken positions that are not substantially justified.

No other circumstances make an award of expenses unjust. An award thus is

"mandatory," and I would make an award as a matter of discretion even if an

award was not mandatory. To avoid unnecessary expense in determining the amount of the fee award, this order sets an amount, subject to redetermination.

For these reasons,

IT IS ORDERED:

1. The plaintiffs' motion to quash or for a protective order, ECF No. 28, is granted. The subpoenas are quashed. Tender Touch must take no further action to serve or enforce the subpoenas.

2. Tender Touch must pay the plaintiffs $1,000 as attorney's fees. If a party asserts that this is not the amount of fees reasonably incurred by the plaintiffs on the motion to compel, the party may move within 14 days to redetermine the amount, and the matter will be reconsidered de novo. Attorney's fees may be assessed against the party who loses any such motion to redetermine. The fees assessed under or based on this order must be paid by December 19, 2016 (if no motion to redetermine is filed) or within 14 days after entry of an order on any motion to redetermine.

SO ORDERED on December 1, 2016.

s/Robert L. Hinkle_____
United States District Judge