IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LEAH SCOTT,

     Plaintiff,

v.                                      Case No. 3:16-cv-719-RV-GRJ

EGLIN FEDERAL CREDIT UNION,

     Defendant.

_____/

## <u>ORDER</u>

On April 11, 2017, the Court held a telephonic hearing to address ECF No. 12, Plaintiff's Motion to Quash Subpoenas, or alternatively, Motion for Protective Order, and ECF No. 13, Defendant's Response in Opposition to Plaintiff's Motion to Quash Subpoenas/Motion for Protective Order with Supporting Memorandum of Law. Plaintiff was represented by Adam Ellis, and Defendant was represented by Ariel Cook and Gary Wheeler. For the reasons discussed on the record and incorporated into this order, as well as summarized below, Plaintiff's motion to quash is denied, and Plaintiff's motion for protective order is granted to the extent it applies to the third request and added-on language in Defendant's subpoena to Old South Land Title, Plaintiff's current employer.

# I. Background

This is a straight forward employment discrimination case in which Plaintiff alleges that she was treated differently and terminated on the basis of her gender. (ECF No. 1-1.) Following the initiation of this lawsuit, Defendant provided notice of its intent to issue subpoenas on March 2, 2017, stating that the listed third-party subpoenas would be served on March 6, 2017. (ECF No. 12 at 17–19.) When Defendant did not receive an objection from Plaintiff, Defendant served the third-party subpoenas on March 6, 2017. (*Id.* at 20–51.) On March 11, 2017, Plaintiff notified Defendant that she objected to any contact with Plaintiff's current employer, including the subpoena, which already had been served. (ECF No. 13 at 4.)

Following an email exchange between the parties regarding the subpoena issued to Old South Land Title, Defendant's counsel explained that he would move forward with the subpoena over objection, prompting Plaintiff to file the pending Motion to Quash, or alternatively, Motion for Protective Order on March 14, 2017. (ECF No. 12.) Although the Motion to Quash takes issue with each of the third-party subpoenas served by

Defendant,[1] each of the third parties, except for Plaintiff's current employer, have been served and already have produced the requested documents to the Defendant. While the reach of the subpoenas, other than the subpoena to Plaintiff's current employer, may have been overly broad, because those third parties already have produced the requested documents, the motion to quash those subpoenas is denied as moot.

Accordingly, the sole remaining dispute involves the subpoena served on Plaintiff's current employer, Old South Land Title.

## II. Discussion

In the third-party subpoena served on Old South Land Title Defendant requests the following information: (1) a job description of all positions Plaintiff held from May 2016 to present; (2) all application materials; (3) all disciplinary actions, including documentation of verbal coaching or counseling; (4) pay records, including W-2 forms; and (5) documentation relating to Plaintiff's termination or separation, if applicable. In addition, the subpoena also provides that it "specifically includes any

---

[1] In addition to serving Old South Land Title, Plaintiff's current employer, Defendant served subpoenas on: Compass Resorts (where Plaintiff held a seasonal position after her termination); Coastal Skin Surgery & Dermatology; MidSouth Bank; Fountain, Schultz & Associates; B3H Corporation; Cornerstone Financial Consultants and Harrison Finance Company.

records (including emails and text messages) of any communication with or about Leah Scott, whether such communications were with Ms. Scott, other departments or staff of your organization, Ms. Scott, or any third parties regarding the areas listed above."

Because Old South Land Title already has been served with the subpoena, there is no concern with attempting to shield Plaintiff's current employer from knowledge of a lawsuit Plaintiff filed against a former employer. Instead, Plaintiff argues that the subpoena is overly broad and disproportionate to the issues in the case. Defendant counters that the information relates to either the mitigation of damages or an after-acquired evidence defense.

In accordance with the Federal Rules of Civil Procedure, discovery is limited to nonprivileged matter that is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. Rule 26(b)(1). Courts have "broad authority to control the scope of discovery." *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1307 (11th Cir. 2011) (citing Fed. R. Civ. P. 26(b)). The scope of discovery in employment discrimination cases, although broad, is not limitless. *See Washington v. Brown & Williamson Tobacco Corp.,* 959 F.2d 1566, 1570

(11th Cir. 1992).

A court may, for good cause, grant a motion for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by, *inter alia*, "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1). For example, a court may grant a motion for a protective order if the subpoena requests irrelevant information. *See, e.g., Auto-Owners Ins. Co. v. Southeast Floating Dock, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005). Thus, while a defendant may subpoena employment records in an employment discrimination suit such as this one, *see, e.g.*, *Zeller v. South Cent. Emergency Med. Servs., Inc.*, No. 1:13-cv-2584, 2014 WL 2094340 (M.D. Penn. May 20, 2014), such subpoenas are not without limitation. *See, e.g., Premer v. Corestaff Servs., L.P.*, 323 F.R.D. 692 (M.D. Fla. 2005).

There is little question that in an employment discrimination suit the start date of employment after termination, a description of the type of employment, and the compensation for the employment, are relevant to the defense of mitigation of damages and possibly the defense of after-acquired evidence. Consequently, at the hearing Plaintiff did not seriously

challenge the first, second, or fourth categories of documents requested in Defendant's subpoena. In these categories Plaintiff requested Old South Land Title to provide a job description, application materials,[2] and pay records, including W-2 forms.

Additionally, Plaintiff does not raise a serious challenge to the fifth category of documents requested in the subpoena, relating to Plaintiff's termination or separation, because it is not applicable in this case as Plaintiff still works for Old South Land Title. Thus, the two disputed issues include the third request—"[a]ll disciplinary actions, including documentation of verbal coachings or counselings"—and the added-on language at the bottom of the subpoena, which references emails and text messages regarding Plaintiff.

Plaintiff argues that the third request for documentation regarding disciplinary actions seeks to obtain information that is not relevant to the issues in this case. Defendant says that the request is relevant to mitigation of damages, and relying upon *Zeller*, argues that subpoena language that includes employment applications, job descriptions,

---

[2] Application materials include the information Plaintiff provided to her employer or completed for the purpose of being hired for the position, such as a job application, resume, and recommendations.

termination records, and disciplinary documentation is discoverable as relevant to the defense of mitigation of damages. *See Zeller*, 2014 WL 204340, at *3–*5.[3] Other courts, however, have ruled differently on subpoenas requesting similar information. *See, e.g.*, *Powell v. Regency Hosp. of Nw. Ind., LLC*, No. 2:10-cv-220-PRC, 2011 WL 1157528, at *1–*4 (N.D. Ind. Mar. 28, 2011) (quashing a subpoena requesting from a current employer employment applications, performance reviews, disciplinary documents, compensation documentation, and any resignation or termination documents as "not reasonably calculated to lead to the discovery of admissible evidence").

Here, the Court is not persuaded that the requested information regarding disciplinary actions is relevant in this case, because Plaintiff alleges that she was terminated on the basis of gender discrimination and Defendant asserts that Plaintiff was terminated "for legitimate business reasons unrelated to her sex/gender." (ECF No. 7 at 7.) Even assuming the termination was based upon job performance, evidence of poor job performance during post-termination employment would not be relevant to

---

[3] *Zeller* differs from this case because *Zeller* dealt with allegations that the plaintiff was retaliated against for using FMLA leave, and ultimately discharged as a result. There the defendants argued, however, that the plaintiff was actually fired for excessive absenteeism. *Zeller*, 2014 WL 204340, at *1.

prove Plaintiff was not a competent employee. The Court, therefore, concludes that Defendant has not demonstrated that the requested information goes to mitigation of damages or is otherwise relevant, and instead finds that the information, at best, would only be relevant to showing bad character, which is not a permissible reason for acquiring this information. Accordingly, the Court grants Plaintiff's motion for a protective order as to the third category requested in the subpoena. Old South Land Title is therefore not required to provide this information in response to the subpoena.

Plaintiff also argues that the added-on language at the bottom of the subpoena is overly broad. Defendant, in response, asserts that the language is not meant as an additional request for information but rather as a clarification of the different forms the requested information may exist. While it is unclear whether this added-on language is modifying the five requests or is a separate request, the Court concludes that requiring Old South Land Title to search, collect and produce emails and text messages is not proportional to the needs of this case and therefore not within the scope of discovery as now defined in Rule 26 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(b)(1)( "Parties may obtain discovery ... that is

relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.") While emails and text messages may be fair game for discovery in most cases, in this case it is difficult to understand how these types of communications could have anything to do with obtaining post-termination employment information concerning the terms of employment, length of employment and compensation. Balancing the marginal relevance of information in emails and text messages against the time and expense that would be involved for a small business like Old South Land Title in searching cellular telephones, servers and other electronic storage facilities makes little sense and would cause Plaintiff's current employer to incur an expense that ultimately will have little or no impact on the outcome of this case.

Therefore, Plaintiff's request for a protective order is granted to the extent that Old South Land Title shall not be required to search for and produce emails and text messages, as described in the added-on

language found at the bottom of the subpoena.[4]

Accordingly, it is **ORDERED**:

Plaintiff's Motion to Quash Subpoenas, or alternatively, Motion for Protective Order, ECF No. 12, is **GRANTED** to the limited extent that Old South Land Title shall not be required to produce documents responsive to the third category in the subpoena and shall not be required to produce emails and text messages as described in the add-on language at the end of the subpoena. In all other respects the Motion to Quash Subpoenas, or alternatively, Motion for Protective Order is **DENIED**.

**IN CHAMBERS** this 13th day of April 2017.

_s/Gary R. Jones_
GARY R. JONES
United States Magistrate Judge

---

[4] This protective order, however, does not protect Old South Land Title from compliance in the event Plaintiff submitted the employment application, resume or other application materials via email. In that case the emails transmitting the application materials should be produced.